**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DWAYNE MANNING,
    *Plaintiff-Appellant,*

v.

UNITED STATES DEPARTMENT OF
JUSTICE; BUREAU OF PRISONS;
WARDEN SHEARIN,
    *Defendants-Appellees.*

No. 04-6161

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-03-1799-AW)

Submitted: May 28, 2004

Decided: July 26, 2004

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Dwayne Manning, Appellant Pro Se. Thomas Michael DiBiagio, United States Attorney, Baltimore, Maryland; Matthew Wayne Mellady, UNITED STATES DEPARTMENT OF JUSTICE, Annapolis Junction, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Dwayne Manning, a federal prisoner, filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), alleging that, during a search of his prison housing unit, staff confiscated and failed to return a photo album. He also contended that staff failed to secure his locker following the search, resulting in the loss of clothing, electronics, shoes, books, and detergent.

The district court granted Defendants' motion for summary judgment, reasoning that the uncontroverted affidavits submitted by the Defendants showed that the Defendants secured the locker and that the album was returned. On December 11, Manning filed a Fed. R. Civ. P. 59(e) motion for reconsideration, contending that the court improperly failed to consider his response to summary judgment because it lacked a certificate of service. The district court denied Manning's motion for reconsideration. The court stated that nothing in Manning's response would compel a different result. Specifically, the court reasoned that the photo album was returned and that Manning failed to prove the value of the other items lost. Manning timely appealed.[1]

The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). This court reviews de novo a district court's order granting summary judgment. *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 722 (4th Cir. 2000). Summary judgment is

---

[1]The timely filing of a Fed. R. Civ. P. 59(e) motion tolls the time to appeal. Fed. R. App. P. 4(a)(4)(A). Thus, Manning's notice of appeal filed within sixty days of the denial of his motion for reconsideration was timely as to both the motion for reconsideration and the underlying order. *Id.*

only appropriate when there is no genuine issue of material fact that could lead a trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant." *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990). The non-movant is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to him." *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). To raise a genuine issue of material fact, Manning may not rest upon the mere allegations or denials of his pleadings. Fed. R. Civ. P. 56(e). Rather, he must present evidence supporting his position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

Manning's claims can be separated into two categories: (1) the photo album and (2) all other personal property. The district court dismissed the photo album claim, finding that the album had been returned to Manning. However, Manning made clear in his opposition that he was making no claim regarding the photo album that was returned to him. Instead, he was claiming that a *second* album was taken (or lost) and never returned. This claim is supported by the declaration of inmate Thomas Davis, who stated that Manning owned two photo albums, both of which were missing following the incident. In addition, Manning submitted a declaration under penalty of perjury that two photo albums were missing and only one had been returned. Moreover, the documents submitted by Defendants in their summary judgment motion support Manning's claim that he had two photo albums. A personal property report shows that, on August 11, 2000, Manning had one photo album, and that, on April 10, 2001, he purchased another one. Thus, we find that the district court improperly determined that there was no genuine issues of material fact regarding the second photo album.

With regard to the remaining items, the district court found that Manning had not shown that his property was taken and, even if he had, he had failed to prove the value of those items. First, we find that Manning has raised a genuine issue of material fact regarding whether prison officials left his locker unlocked, thereby permitting other inmates to take his belongings. While prison officials are not insurers

of an inmate's property, they are required to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons." 18 U.S.C. § 4042(a)(2).

Manning supports his claim that the Defendants breached this duty with the declarations of inmates Jay Brooks and Kevin Jones, who both asserted that, on the day in question, their lockers were left open after a search, and, relevant here, "just about all of the lockers [were] open and a lot of property was missing." In addition, Manning himself submitted an affidavit, stating that his locker was left open after a search by prison officials. Thus, Manning's evidence is in direct contradiction to the Defendants' evidence that none of the lockers were left open.[2] At the summary judgment stage, we must accept Manning's view of the evidence. Thus, there is a genuine issue of material fact as to whether Defendants were negligent.

Regarding damages, Defendants' submissions included receipts for specific purchases by Manning that directly correlate to the property described in his complaint. Moreover, while the district court correctly stated that "[a]lthough plaintiff later complained that many items of personal property were taken, his last property inventory shows that he owned only one pair of tennis shoes, one set of headphones, one pair of sweat pants, one sweat shirt, and one paperback book," many of the receipts submitted by Manning post-date the latest inventory. Specifically, after the inventory, the evidence shows that Manning purchased a photo album ($2.35), headphones ($33.80), Tide ($4.60), Nikes ($62.50), a shirt ($8.15), and a sweat shirt ($13.65). Thus, Manning has made a sufficient showing to avoid summary judgment on his claims.

Accordingly, we vacate the district court's order granting summary judgment and remand for further proceedings. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2]Defendants did not dispute that leaving inmates' lockers unlocked would violate their duty of reasonable care.